Ronald **KELLER** and Mary Kay **Keller, Plaintiffs,**

v.

UNITED STATES of America, through the INTERNAL REVENUE SERVICE DEPARTMENT, Defendant.

No. A4–93–152.

United States District Court, D. North Dakota, Northwestern Division.

Oct. 17, 1994.

310

---

Michael Ward, Minot, ND, for plaintiffs.

Thomas V. Linguanti, U.S. Dept. of Justice (Tax Division), Washington, DC, for defendant.

### MEMORANDUM AND ORDER

CONMY, District Judge.

The Government has moved to dismiss this suit for refund of taxes paid. The basis for dismissal is a claimed failure in the Claim for Refund to adequately inform the Commissioner (of the Internal Revenue Service) of the factual and legal bases upon which the claim was premised. The Government presents ample authority for the premise that the District Court is afforded jurisdiction only after the denial of an intelligible and specific claim.

Michael Ward of the Minot firm of Eaton, Van de Streek and Ward appears as counsel for the plaintiffs. A review of the documents filed, including the very caption of the action, indicates to the Court that the plaintiffs are in fact appearing pro se, and the relatively small amount of the claim for refund is an excellent indication of just why this should be. (References to the 4th of July holiday and the prime reason for the Revolutionary War seldom appear in briefs prepared by professionals. The possessive pronoun "their" should not be spelled "there," and the presence of punctuation and avoidance of page-long paragraphs would have made the memorandum more impressive.)

It appears that the Kellers claimed business losses from a "horse racing" venture, as well as farming losses for "livestock activities." The Internal Revenue Service (IRS) denied the deductions, apparently on the basis that the horse racing and livestock operations were engaged in as hobbies rather than ventures for profit.

The claim for refund recites that the refund is for "taxes erroneously and incorrectly assessed. Specifically, however, there is dis-

agreed that the accounting did not show losses on schedule C and F." The Kellers argue that this should be sufficient to shift the burden of proceeding back to the IRS. They point out that everyone knew the conflict was the hobby vs. for profit issue, and that the claim for refund challenges the IRS to come forward with the reasons why the business ventures shown on schedules C and F do not qualify as "for profit" operations.

The Government very correctly points out that the statutory and regulatory provisions require the claimant to illustrate why the IRS action is not proper, and set out the factual basis for the taxpayer's belief that the business ventures involved were in fact "for profit" operations. A claim without specificity is a nullity. In the absence of a valid claim, this Court lacks jurisdiction.

The Government's motion to dismiss is **GRANTED.** (Doc. 13)

The dismissal is without prejudice.

**SO ORDERED.**